776 N.W.2d 791 (2010)
279 Neb. 183
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
Bart A. CHAVEZ, respondent.
No. S-09-643.
Supreme Court of Nebraska.
January 8, 2010.
*792 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

INTRODUCTION
PER CURIAM.
Respondent, Bart A. Chavez, was admitted to the practice of law in the State of Nebraska on September 8, 1992, after having been previously admitted to the practice of law in the State of Kansas. Respondent is also admitted to the practice of law before the U.S. immigration courts and the Board of Immigration Appeals. At all times relevant, respondent was engaged in the private practice of law in Omaha, Nebraska, with the primary focus of his practice being immigration matters.
On July 1, 2009, the Office for the Counsel for Discipline of the Nebraska Supreme Court filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321. The motion stated that on August 21, 2008, the bar counsel for the U.S. Department of Justice Executive Office for Immigration Review (EOIR) filed a notice of intent to discipline respondent. In April 2009, respondent and the EOIR entered into a settlement agreement agreeing to resolve the disciplinary allegations against respondent. On May 4, 2009, respondent received a public censure from the EOIR for having engaged in contumelious or otherwise obnoxious conduct while representing a client before an immigration court.
In its motion for reciprocal discipline, the Counsel for Discipline alleges that the conduct described in the EOIR's notice of intent to discipline constituted a violation of the following provisions of the Nebraska Rules of Professional Conduct: Neb Ct. R. of Prof. Cond. §§ 3-504.4 (respect for rights of third persons) and 3-508.4 (misconduct). Therefore, the Counsel for Discipline asked this court to impose an appropriate disciplinary sanction.
On July 1, 2009, respondent filed a conditional admission under Neb. Ct. R. § 3-313, in which he knowingly did not challenge or contest the facts set forth in the motion for reciprocal discipline and waived all proceedings against him in connection therewith in exchange for a stated form of *793 consent judgment of discipline outlined below. Upon due consideration, the court approves the conditional admission.

FACTS
In summary, the notice of intent to discipline filed by the bar counsel for the EOIR stated that on July 13, 2006, respondent entered his appearance as counsel of record for Sindiso Luphahla in the "Matter of Sindiso Luphahla, A 98 495 843," a case before the Elizabeth, New Jersey, immigration court. The matter was transferred to the Dallas, Texas, immigration court, where respondent entered an appearance as counsel of record.
On July 19, 2007, Luphahla filed a motion for continuance with the Dallas court stating that respondent was "not able to come to court" for a hearing on August 3. On July 21, immigration Judge Deitrich H. Sims issued an order denying Luphahla's motion stating that insufficient grounds existed for continuing the case.
On July 23, 2007, respondent filed a motion to withdraw as counsel in the Luphahla matter. Judge Sims entered an order denying respondent's motion to withdraw on July 24. Respondent filed a second motion to withdraw on July 30. Immigration Judge James A. Nugent denied the second motion.
At the request of Judge Nugent, Dallas immigration court administrator Barbara Baker called respondent to inform him of the denial of his request to withdraw. According to the allegations in the motion for reciprocal discipline, respondent became very upset and angry with Baker and engaged in a confrontational conversation with her using offensive language directed at Baker, Judge Sims, and the court. Toward the end of the call, respondent then asked Baker to relay his request for the hearing with Judge Nugent on August 3, 2007, to be held telephonically.
Baker informed Judge Nugent of respondent's request for a telephonic hearing, at which time Judge Nugent orally denied the request. Baker called respondent to inform him of Judge Nugent's denial, and respondent engaged in a second confrontational conversation with Baker again using offensive language directed at Baker and the court.
On August 1, 2007, respondent called the court and asked for Baker and engaged in a third confrontational conversation with Baker using offensive and disrespectful language directed at Baker and the court. Respondent failed to appear at the August 3 hearing.
In the motion for reciprocal discipline, the Counsel for Discipline alleges that the conduct described in the EOIR's notice of intent to discipline constituted a violation of §§ 3-504.4 and 3-508.4.

ANALYSIS
Section 3-313 provides in pertinent part:
(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally *794 admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.
Pursuant to his conditional admission, respondent knowingly does not challenge the allegations in the motion for reciprocal discipline conditioned on the receipt of the following discipline: that respondent be publicly reprimanded and that he pay all costs in this case.
Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the motion for reciprocal discipline, which we now deem to be established facts, and we further find that respondent violated §§ 3-504.4 and 3-508.4. Respondent has waived all additional proceedings against him in connection herewith, and upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

CONCLUSION
Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated §§ 3-504.4 and 3-508.4 and that respondent should be and hereby is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF PUBLIC REPRIMAND.